Christopher W. Sweeney (SBN 143217)
LAW OFFICES OF CHRISTOPHER W. SWEENEY
1300 Oliver Road, Suite 300
Fairfield, CA  94534
Telephone: (707) 435-1244
Facsimile:  (707) 435-1245
Email: cwslaw@comcast.net

Attorney for Plaintiff
E.B. STONE & SON, INC.,
a California corporation

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

***

| | |
|---|---|
| E.B. STONE & SON, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>YEAMAN MACHINE TECHNOLOGIES, INC., and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>**(1) BREACH OF CONTRACT;**<br>**(2) FRAUD AND INTENTIONAL MISREPRESENTAION;**<br>**(3) COMMON COUNTS-OPEN BOOK;**<br>**(4) COMMON COUNTS-MONEY HAD AND RECEIVED; and**<br>**(5) QUANTUM MERUIT-UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

　　　COMES NOW Plaintiff, E.B. STONE & SON, INC. (hereinafter "Plaintiff" or "E.B. STONE") and alleges against Defendant YEAMAN MACHINE TECHNOLOGIES (hereinafter "Defendant" or "YEAMAN") as follows:

## JURISDICTION AND VENUE

　　　1.　　This court has original jurisdiction over the parties to this action under 28 U.S.C. Section 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interests, seventy-five thousand dollars ($75,000.00). Venue is proper in this judicial district under 28 U.S.C. Section 1391(b)(2) as the district in which a substantial part of the events giving rise to the claims occurred.

**PARTIES**

2. Plaintiff, E.B. STONE & SON, INC., is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California, with its principal place of business located within the State of California, County of Solano, City of Fairfield. Plaintiff is a merchant engaged in the business of the manufacture, distribution and sale of custom formulated plant foods, lawn foods, organic soils and soil amendments, among other products.

3. Plaintiff is informed and believes and based thereon alleges that Defendant YEAMAN is and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Illinois, doing business within the State of California, County of Solano by, among other things, contracting for the sale, shipment and delivery of its products to Plaintiff's manufacturing facility located in Solano County, California. Defendant is a merchant engaged in the business of, among other things, the manufacture and packaging equipment and related products for sale to, and use by commercial manufacturers in packaging their products for sale to consumers throughout the United States. Plaintiff is informed and believes that Defendant YEAMAN purports to consummate sales of its products throughout the United States, including California.

**NATURE OF THE ACTION**

4. On or about November 22, 2013, Defendant YEAMAN contracted for the sale, shipment and delivery of product packaging equipment and related products to Plaintiff's manufacturing facility located in Solano County, California for Plaintiff's use in packaging Plaintiff's plant and lawn foods and related products for sale to Plaintiff's customers ("the Contract"). Pursuant to the Contract, Plaintiff paid Defendant YEAMAN a fifty percent (50%) deposit for the promised equipment which was never delivered by Defendant. Despite Plaintiff's repeated requests and demands therefor, Defendant has failed to refund the sums paid by Plaintiff for the equipment resulting in damages to Plaintiff in an amount to be determined at trial according to proof, and reasonably estimated to be in excess of $75,000.00, plus accruing interest.

**GENERAL ALLEGATIONS**

5. Plaintiff is a manufacturer and distributor of custom formulated plant foods, lawn foods, organic soils and soil amendments, among other products, from its manufacturing facilities

located in Fairfield, California.  Plaintiff is informed and believes and based thereon alleges that at all relevant times herein mentioned, defendant YEAMAN was engaged in the business of, among other things, the manufacture of packaging equipment and related products for sale to, and use by commercial manufacturers in packaging their products for sale to consumers throughout the United States.

6. On or about November 22, 2013, Defendant YEAMAN contracted for the sale, shipment and delivery of product packaging equipment and related products to Plaintiff's manufacturing facility located in Solano County, California for Plaintiff's use in packaging Plaintiff's plant and lawn foods and related products for sale to Plaintiff's customers.  A true and correct copy of the Contract, memorialized in a written invoice dated November 22, 2013, is attached as Exhibit "A" to this complaint.  Pursuant to the Contract, 50% of the Contract price was due in advance, with the balance of the Contract price payable upon delivery and installation of the equipment.  On or about December 5, 2013, Plaintiff paid Defendant YEAMAN a fifty percent (50%) deposit for the promised equipment.  Pursuant to the Contract, the equipment was to be delivered within twelve (12) weeks of the November 22, 2013, invoice date.  Notwithstanding repeated promises to do so, Defendant YEAMAN never delivered the equipment required to be delivered to Plaintiff's facility in Solano County, California and Plaintiff had no alternative but to cancel the order and request a refund.  Despite Plaintiff's repeated requests and demands therefor, Defendant has failed to refund the sums paid by Plaintiff for the equipment resulting in damages to Plaintiff in an amount to be determined at trial according to proof, and reasonably estimated to be in excess of $75,000.00, plus accruing interest.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

7. Plaintiff realleges and incorporates paragraphs 1 through 6, inclusive, as though fully set forth herein.

8. On or about November 22, 2013, plaintiff and defendants YEAMAN entered into the Contract as hereinabove alleged.

9. Plaintiff has fully performed all of the conditions, covenants and promises required

by it to be performed in accordance with the terms and conditions of the Contract, except to the extent performance was prevented by YEAMAN. Plaintiff paid Defendant YEAMAN a fifty percent (50%) deposit for the promised equipment which was to be delivered by Defendant within twelve (12) weeks of the November 22, 2013, invoice date. Notwithstanding repeated promises to do so, Defendant YEAMAN never delivered the equipment required to be delivered to Plaintiff's facility in Solano County, California and Plaintiff had no alternative but to cancel the order and request a refund. Despite Plaintiff's repeated requests and demands therefor, Defendant has failed to refund the sums paid by Plaintiff for the equipment. YEAMAN is in breach of its obligations under the Contract with plaintiff for failure to deliver the equipment as and when promised, and the failure to refund the sums paid by Plaintiff.

10. As a direct and proximate result of YEAMAN's breach of the Contract as hereinabove alleged, plaintiff has suffered damages in the amount of $72,125.00, plus accruing interest at the legal rate of ten percent (10%) per annum from February 23, 2013 until paid in full.

## SECOND CLAIM FOR RELIEF

**(Fraud and Intentional Misrepresentation)**

11. Plaintiff realleges and incorporates by reference paragraphs 1 through 10 of this complaint as though fully set forth herein.

12. In connection with the execution of the Contract described above, and with the intent to induce plaintiff to enter into the Contract and pay the equipment deposit to YEAMAN pursuant to the terms of the Contract, defendant YEAMAN represented to plaintiff that it would timely deliver the equipment as and when required by the Contract.

13. Plaintiff is informed and believes, and based thereon alleges, that the representations made by YEAMAN were in fact false, deceptive and misleading in that, at the time YEAMAN executed the Contract, and at the time YEAMAN accepted payment of the equipment deposit, YEAMAN had no intention of timely delivering, or ever delivering the equipment to Plaintiff, or ever refunding to Plaintiff the equipment deposit paid by Plaintiff pursuant to the Contract.

//

14. At the time YEAMAN made the representations described in paragraph 15 above, it knew them to be false, and the representations were made with the intent to defraud plaintiff and to induce plaintiff to enter into the Contract.

15. At the time the representations were made by YEAMAN, and at the time plaintiff entered into the Contract, plaintiff was ignorant of the falsity of YEAMAN's representations and believed them to be true, and was ignorant of the fact that YEAMAN had no intention of timely delivering, or ever delivering the equipment to Plaintiff, or ever refunding to Plaintiff the equipment deposit paid by Plaintiff pursuant to the Contract. In reliance on these representations, Plaintiff was induced to, and did in fact, enter into the Contract and paid the equipment deposit to YEAMAN pursuant to its terms. Had plaintiff known YEAMAN's representations were false, plaintiff would not have entered into the Contract or delivered the equipment deposit to YEAMAN pursuant thereto. Plaintiff's reliance on YEAMAN's representations was justifiable in that YEAMAN was in the most favorable position to ascertain the truth or falsity of said representations.

16. As a direct and proximate result of YEAMAN's fraud and deceit herein described, plaintiff was induced to, and did in fact, enter into the Contract and has suffered damages as hereinabove alleged.

17. The acts of YEAMAN described herein were willful, fraudulent, malicious and oppressive and in conscious disregard of the rights of plaintiff and were taken with knowledge that such acts would cause harm to plaintiff. Plaintiff is therefore entitled to exemplary and punitive damages.

### THIRD CLAIM FOR RELIEF

**(Common Counts – Open Book Account)**

18. Plaintiff realleges and incorporates paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. Since February 23, 2013, defendants YEAMAN became indebted to plaintiff on an open book account for money due in the amount of $72,125.00, plus accruing interest at the legal rate of ten percent (10%) per annum from February 23, 2013 until paid in full.

20. Neither the whole nor any part of this sum has been paid, although demand

therefor has been made, and there is now due, owing and unpaid the amount of $72,125.00, plus accruing interest at the legal rate of ten percent (10%) per annum from February 23, 2013 until paid in full.

## FOURTH CLAIM FOR RELIEF

### (Common Counts – Money Had and Received)

21. Plaintiff realleges and incorporates paragraphs 1 through 17, inclusive, as though fully set forth herein.

22. Since February 23, 2013, defendants YEAMAN became indebted to plaintiff for money had and received by defendant YEAMAN in the amount of $72,125.00 which sum was advanced to defendant YEAMAN on or about December 5, 2013.

23. Neither the whole nor any part of this sum has been paid, although demand therefor has been made, and there is now due, owing and unpaid the amount of $72,125.00, plus accruing interest at the legal rate of ten percent (10%) per annum from February 23, 2013 until paid in full.

## FIFTH CLAIM FOR RELIEF

### (Quantum Meruit – Unjust Enrichment)

24. Plaintiff realleges and incorporates paragraphs 1 through 17, inclusive, as though fully set forth herein.

25. Within the last two years, Defendant YEAMAN has become indebted to Plaintiff in the principal sum of $72,125.00, plus accruing interest at the legal rate of ten percent (10%) per annum from February 23, 2013, until paid in full, for an equipment deposit paid by Plaintiff to defendant YEAMAN for equipment that was never delivered to Plaintiff. After credits properly due, the sum of $72,125.00, plus accruing interest at the legal rate of ten percent (10%) per annum from February 23, 2013, until said sum is paid in full, constitutes the reasonable value of the funds delivered by Plaintiff for which a refund has never been made. Despite repeated demands, Defendant YEAMAN has deliberately failed to refund the equipment deposit paid by Plaintiff.

26. As a direct and proximate result of the deliberate failure of Defendant YEAMAN to refund the equipment deposit paid by Plaintiff, Defendant YEAMAN has been unjustly enriched

and Plaintiff has been correspondingly harmed and damaged as herein alleged in the sum of $72,125.00, plus accruing interest at the legal rate of ten percent (10%) per annum from February 23, 2013, until said sum is paid in full.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against Defendant as follows:

### **First Claim for Relief**

1. For compensatory damages in an amount to be determined at trial, which Plaintiff reasonably estimates will be in excess of $75,000.00;
2. For costs of suit herein incurred; and
3. For such other and further relief as the court may deem just and proper.

### **Second Claim for Relief**

1. For compensatory damages in an amount to be determined at trial, which Plaintiff reasonably estimates will be in excess of $75,000.00;
2. For exemplary and punitive damages in an amount according to proof at the time of trial;
3. For costs of suit herein incurred; and
4. For such other and further relief as the court may deem just and proper.

### **Third Claim for Relief**

1. For compensatory damages in an amount to be determined at trial, which plaintiff reasonably estimates will be in excess of $75,000.00;
2. For costs of suit herein incurred; and
3. For such other and further relief as the court may deem just and proper.

### **Fourth Claim for Relief**

1. For compensatory damages in an amount to be determined at trial, which plaintiff reasonably estimates will be in excess of $75,000.00;
2. For costs of suit herein incurred; and
3. For such other and further relief as the court may deem just and proper.

### Fifth Claim for Relief

1. For compensatory damages in an amount to be determined at trial, which plaintiff reasonably estimates will be in excess of $75,000.00;

2. For costs of suit herein incurred; and

3. For such other and further relief as the court may deem just and proper.

Dated: June 19, 2015      LAW OFFICES OF
                          CHRISTOPHER W. SWEENEY

                          By: /s/ Christopher W. Sweeney
                          _____
                          Christopher W. Sweeney
                          Attorney for Plaintiff
                          E.B. STONE & SON, INC.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: June 19, 2015      LAW OFFICES OF
                          CHRISTOPHER W. SWEENEY

                          By: /s/ Christopher W. Sweeney
                          _____
                          Christopher W. Sweeney
                          Attorney for Plaintiff
                          E.B. STONE & SON, INC.

# EXHIBIT "A"

**(Yeaman Machine Technologies Invoice)**

# YEAMAN
## machine technologies

2150 Touhy Avenue    Elk Grove Village, IL 60007
PH: 847-758-0500    FX: 847-758-9776

# Invoice

| Date | Invoice # |
|---|---|
| 11/22/2013 | 16243 |

| Bill To |
|---|
| E.B. Stone<br>PO Box 550<br>Suisun, CA 94585 |

| Ship To |
|---|
| E.B. Stone<br>611 Lambie Road<br>Suisun City, CA 94585<br>USA |

RECEIVED DEC 0 3 2013

| P.O. No. | Terms | Ship | Via | Fax # | Phone # | Customer Contact |
|---|---|---|---|---|---|---|
| Vbl. Brad Cr... | Due on receipt | 11/22/2013 | Best Way | 707-429-8960 | 707-426-2500 | Brad Crandall |

| Quantity | Description | Price Each | Amount |
|---|---|---|---|
| 1 | One Yeaman Model PM-40-E Automatic Pre-Made Pouch; Fill and Seal Machine per quote #Q13117 | | |
| 0.5 | 50% Deposit Due with Order | 123,100.00 | 61,550.00 |
| 1 | One Integrated Ink Jet Coder per quote #Q13117 | | |
| 0.5 | 50% Deposit Due with Order | 17,500.00 | 8,750.00 |
| 1 | One UL Certified Machine Panel per quote #Q13117 | | |
| 0.5 | 50% Deposit Due with Order | 3,650.00 | 1,825.00 |

58035
POSTED
1-1-12 30

For Payment via UPS
Account #Y36653

For Payment via Wire:
Bank of America
Routing #: 026009593
Account #: 5200947009
Swift #:BOFAUS3N

*[handwritten]* paid 12/5/13 Ck #16531
50% due upon installation
Called Yeaman @ 6:06 on 5/15 - checking status on refund. - Requested call back
50%
update on when they are
BGC

| | Total | $72,125.00 |
|---|---|---|
| | Balance Due | $72,125.00 |