1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   E.B. STONE & SON, INC.,                    No.  2:15-cv-1828 GEB CKD

12                 Plaintiff,

13           v.                                  FINDINGS AND RECOMMENDATIONS

14   YEAMAN MACHINE TECHNOLOGIES,
     INC.,
15

16                 Defendant.

17

18          Presently before the court is plaintiff's motion for default judgment.  This matter was

19   submitted without oral argument.  The undersigned has fully considered the briefs and record in

20   this case and, for the reasons stated below, will recommend that plaintiff's motion for default

21   judgment be granted.

22          In this action, plaintiff seeks damages for breach of contract, fraud and intentional

23   misrepresentation, money due on an open book account, money had and received, and quantum

24   meruit – unjust enrichment.  Plaintiff's claims arise out of a contract for the sale, shipment and

25   delivery of product packaging equipment and related products to plaintiff's manufacturing facility

26   located in Solano County, California.  The record reflects that defendant was properly served with

27   process on September 9, 2015 and default was entered on November 3, 2015.  Plaintiff thereafter

28   /////

                                               1

1  filed an application for default judgment.  Plaintiff seeks an entry of default judgment in the

2  amount of $85,677.03.

3        Entry of default effects an admission of all well-pleaded allegations of the complaint by

4  the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court

5  finds the well pleaded allegations of the complaint state a claim for which relief can be granted.

6  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The application for default judgment

7  and the exhibits and affidavits attached thereto also support the finding that plaintiff is entitled to

8  the relief in the form of monetary damages requested in the prayer for default judgment, which

9  does not differ in kind from the relief requested in the complaint.  Henry v. Sneiders, 490 F.2d

10  315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974).  The amount sought is supported by the

11  affidavits submitted in support of the motion for default judgment.  Plaintiff also requests

12  prejudgment interest, calculated under California law.  Such calculation is proper in that plaintiff

13  has alleged state law claims upon which judgment may be entered.  See Oak Harbor Freight

14  Lines, Inc. v. Sears Roebuck & Co., 513 F.3d 949, 961 (9th Cir. 2007).  Prejudgment interest

15  should therefore be awarded.  There are no policy considerations which preclude the entry of

16  default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir.

17  1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff,

18  merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at stake in the

19  action; possibility of a dispute concerning material facts; whether the default was due to

20  excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring

21  decisions on the merits).

22        For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion for

23  default judgment (ECF No. 12) against defendant be granted in the amount of $85,677.03.

24        These findings and recommendations are submitted to the United States District Judge

25  assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen

26  days after being served with these findings and recommendations, any party may file written

27  objections with the court and serve a copy on all parties.  Such a document should be captioned

28  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1    shall be served and filed within seven days after service of the objections.  The parties

2    are advised that failure to file objections within the specified time may waive the right to appeal

3    the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4    Dated:  December 8, 2015

5                                                    _____
                                                     CAROLYN K. DELANEY
6                                                    UNITED STATES MAGISTRATE JUDGE

7    4 ebstone1828.def

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28